IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ALAN GERLACH, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | 8:19CV67 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| OMAHA NEBRASKA POLICE DEPARTMENT, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that he suffered injuries and was hospitalized after being run off the road while riding his motorcycle in Omaha, Nebraska. Plaintiff states that he has been unable to find the party who ran him off the road, and he is suing the Omaha Police Department ("OPD") "for not protecting me and [to] preserve my rights and find the unknown party which cau[s]ed me harm." (Filing No. 1 at CM/ECF p. 1.)

Plaintiff alleges that he brings this suit pursuant to 42 U.S.C. § 1983 for violation of his constitutional right to a jury trial. Plaintiff's jury-trial allegation

apparently relates to the fact that he has been sued as a result of this accident[1], and he has hired counsel to represent him. Plaintiff complains that he is dissatisfied with his retained counsel because counsel has refused to show Plaintiff his discovery file, making it impossible for Plaintiff to prepare his own "defense and prosecution." Plaintiff requests that this court dismiss his lawyer in his state-court case and order that his retainer be returned. He also seeks medical expenses and "compensation for lost time and injury." (Filing No. 1 at CM/ECF p. 1.)

## II. DISCUSSION

### A. Improper Defendant

The only Defendant Plaintiff names in his Complaint—the Omaha Police Department—is not suable under 42 U.S.C. § 1983. "[I]t is well settled that municipal police departments, sheriff's offices, and jails are not generally considered persons within the meaning of 42 U.S.C. § 1983 and thus not amenable to suit." *Ferrell v. Williams Cty. Sheriffs Office*, No. 4:14-CV-131, 2014 WL 6453601, at *2 (D.N.D. Nov. 4, 2014). *See also De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (unpublished) (county jail and sheriff department not subject to suit under § 1983); *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department and paramedic services "are not juridical entities suable as such. . . . [t]hey are simply departments or subdivisions of the City government").

### B. Failure to State a Claim

Even if Plaintiff had sued a proper defendant, his claims would still be dismissed for failure to state a claim upon which relief can be granted.

---

[1]Plaintiff's Complaint does not clarify the nature of the claims asserted against him or the court in which such claims are being adjudicated.

First, Plaintiff's request that this court order the dismissal of his state-court retained counsel and the refund of such counsel's retainer due to counsel's failure to show Plaintiff his discovery file fails to state a claim because this court has no jurisdiction to enter orders in an ongoing state-court case or to review such orders. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983) ("'lower federal courts possess no power whatever to sit in direct review of state court decisions'" (quoting *Atlantic Coast Line R. Co. v. Engineers*, 398 U.S. 281 (1970))); *Feinwachs v. Minnesota Hosp. Assoc.*, Case No. 11-cv-8 , 2018 WL 882808, at *4 (D. Minn. Feb. 13, 2018) ("This Court will not exercise what amounts to appellate jurisdiction and effectively overrule or vacate a state court protective order shielding documents from the public. Comity between state and federal courts and constraints placed on a federal district court's jurisdiction dictate nothing less."); *Key v. Does*, 217 F. Supp. 3d 1006, 1009 (E.D. Ark. 2016) (in pro se case where nature and status of state proceedings were unclear, court dismissed complaint for failure to state a claim, reasoning in part that "if [the plaintiff] is requesting relief from an outstanding warrant related to the conviction and nonpayment of fines, then this Court must abstain from interfering with the ongoing state action, whether criminal or civil, absent exceptional circumstances, which are not alleged"); *Glickman, Lurie, Eiger & Co. v. I.R.S.*, No. 4-75-CIV. 303, 1975 WL 706, at *4 (D. Minn. Oct. 14, 1975) ("The Federal courts are not empowered to review the propriety of protective discovery orders in State court proceedings. . . . Any claim that [the taxpayer] has waived its rights to confidentiality in the requested documents must be presented to the State court and determined by that forum.").

Second, any claim Plaintiff may attempt to assert against an individual Omaha police officer or officers for failure to properly investigate the accident would fail. In the absence of allegations that the police officers' failure to investigate violated Plaintiff's right to equal protection or that the failure to investigate violated Plaintiff's right to due process because the lack of investigation was intentional or reckless, thereby "shocking the conscience"—none of which is alleged here—Plaintiff cannot state a claim against individual Omaha police officers. *Winslow v. Smith*, 696 F.3d

716, 732 (8th Cir. 2012) ("To establish a constitutional violation based on an inadequate investigation, a plaintiff must show that the defendant officer's failure to investigate was intentional or reckless, thereby shocking the conscience. . . . Mere negligent failure to investigate, such as failing to follow up on additional leads, does not violate due process." (internal quotation and citation omitted)); *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 672 (8th Cir. 2007) (same); *Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir. 1996) ("While [police officer's] failure to investigate the rape may have violated state law and common sense, it did not rise to the level of a separate constitutional violation of [the plaintiff's] rights."); *Scott v. BJC Behavioral Health*, No. 4:11CV00633, 2011 WL 2899141, at *4 (E.D. Mo. July 20, 2011) (dismissing § 1983 claim against police officers because "courts have not recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved"); *McKenna v. St. Louis Cty. Police Dep't*, No. 4:09CV1113, 2010 WL 56011, at *4 (E.D. Mo. Jan. 4, 2010) ("it is well settled that a police officer does not violate an individual's constitutional rights by failing to investigate"); *Isom v. Heller*, No. 8:04CV70, 2005 WL 661696, at *4 (D. Neb. Mar. 21, 2005) (unreasonable or negligent failure to investigate arrestee's claim of innocence or mistaken identity does not amount to constitutional violation; no constitutional right to have perfect investigation by police); *Clark v. Brandom*, 415 F. Supp. 883, 884 (W.D. Mo. 1976) (defendant police officers, who allegedly failed to investigate and prosecute offenses against plaintiff, did not act in violation of plaintiff's constitutional rights).

Finally, any claim Plaintiff intends to assert against his state-court counsel for deficient performance would also be dismissed. In order to state a cognizable claim for money damages under 42 U.S.C. § 1983, Plaintiff must allege that the conduct of a defendant acting "under color of state law" deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983. The conduct of Plaintiff's private, retained counsel is not "under color of state law" for purposes of § 1983. *DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999); *Bilal v. Kaplan*, 904 F.2d 14 (8th Cir. 1990) (conduct of counsel, either retained or

4

appointed, in representing clients, does not constitute action under color of state law for purposes of § 1983); *Dunn v. Hacksworth*, 628 F.2d 1111 (8th Cir. 1980). Accordingly, Plaintiff cannot sue his counsel under § 1983 for failure to adequately represent him.

Because Plaintiff has failed to sue a proper Defendant for purposes of 42 U.S.C. § 1983, and because Plaintiff's allegations fail to state a claim upon which relief can be granted, Plaintiff's Complaint will be dismissed without leave to amend, as granting such leave would be futile.

IT IS THEREFORE ORDERED that:

1. This case is dismissed without prejudice for failure to state a claim upon which relief can be granted; and

2. Judgment shall be entered by separate document.

DATED this 14th day of March, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge